**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Hernandez, | No. CV-19-00313-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Darice Taylor, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (Doc. 20). For the following reasons, Defendants' Motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's due process claims are DISMISSED WITH PREJUDICE. Plaintiff's equal protection claim is DISMISSED WITHOUT PREJUDICE. Plaintiff is given thirty days from entry of this Order to file an amended complaint.

## JURISDICTION

The Court exercises federal question jurisdiction over this matter under 28 U.S.C. § 1331, as the Court has original jurisdiction of all civil actions arising under the Constitution of the United States. Venue in the U.S. District Court for the District of Arizona, Tucson Division, is appropriate under 28 U.S.C. § 1391(b)(2) and LRCiv 77.1(c), as a substantial part of the events giving rise to the claims occurred in Pima County.

## BACKGROUND

In May 2015, Plaintiff George Hernandez enrolled in the Master of Science for Entry to the Profession of Nursing ("MEPN") program at the University of Arizona College of Nursing. (Doc. 1, at 3) In the Spring 2016 semester, Plaintiff took a course titled Acute Care or NURS 610B. *Id.* Plaintiff alleges that while he was enrolled in NURS 610B, he

was repeatedly harassed by the course professor, one of the named Defendants. *Id.* According to Plaintiff, the harassment became so severe that he was forced to withdraw from the class with the intention of retaking the course in a later semester. *Id.* In the Spring 2017 semester, upon re-enrollment into the class, Plaintiff contends he once again suffered harassment—this time at the hands of a different professor. *Id.* at 4.

Plaintiff maintains that despite doing well in class, several Defendants conspired to ensure that he would fail the course. *Id.* Plaintiff alleges that Defendants manufactured documentation indicating he was failing at administering medication without discussing his performance with him. *Id.* Plaintiff also contends that Defendants falsely noted he failed to complete required tasks, docked him for mistakes he never made, required him to take an additional exam no other student was required to pass, and improperly altered his final grade from a passing grade to a failing one. *Id.* at 5-6.

Plaintiff asserts that after learning of his failing grade, he appealed his score to the MEPN Program Coordinator. *Id.* at 6. After review, his appeal was denied by the Coordinator. *Id.* Plaintiff then appealed the Coordinator's denial to the Program Director. *Id.* The Program Director denied Plaintiff's appeal. *Id.* Next, Plaintiff appealed the Director's denial to the Dean of the College of Nursing. *Id.* at 7. The Dean also denied Plaintiff's appeal, but agreed to meet with him to listen to his concerns. *Id.*

On June 13, 2017, Plaintiff met with the Dean to discuss his failing grade. *Id.* During their meeting, Plaintiff informed the Dean of faculty members that would refute the findings he engaged in unsafe medication distribution during the clinical course. *Id.* The Dean allegedly informed Plaintiff she would meet with those faculty members. *Id.* Plaintiff asserts that no such meeting happened. *Id.* Instead, on June 16, 2017, Plaintiff received a letter from the College of Nursing indicating that it was recommending he be dismissed from the program. *Id.* The following day, Plaintiff was formally dismissed. *Id.*

As a result of his dismissal, Plaintiff alleges he lost a semester of tuition. *Id.* Plaintiff also contends he is no longer able to obtain his master's degree in nursing, which prevents his ability to secure employment in the field and derailed his career. *Id.* at 8.

Plaintiff asserts Defendants participated in a conspiracy that resulted in violations of his civil rights and allowed acts to be set in motion which they knew, or should have known, would lead to injuries and illegal consequences. *Id.* Plaintiff suffered mental and emotion pain and financial loss due to Defendants' actions. *Id.* He seeks compensatory and punitive damages, and attorneys' fees and costs, for violations of his constitutional rights. *Id.* at 9.

## PROCEDURAL HISTORY

On June 12, 2019, Plaintiff filed his complaint, which outlined two constitutional claims against Defendants. (Doc. 1) On January 10, 2020, Defendants filed their Motion to Dismiss. (Doc. 20) On May 13, 2020, Plaintiff filed his response (Doc. 26); and on May 21, 2020, Defendants filed their reply (Doc. 27). This Order follows.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the facts must be sufficient to nudge a complaint from the conceivable to the plausible in order to state a claim. *Twombly*, 550 U.S. at 570. In considering whether a complaint is sufficient to state a claim, the court accepts all material allegations as true and views them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

The court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (internal citation omitted). Furthermore, a plaintiff may plead himself out of court if he pleads facts which establish

that he cannot prevail on his claim. *Weisbuch v. Cnty. of L.A.,* 119 F.3d 778, 783 n.1 (9th Cir. 1997). "When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, *documents relied upon but not attached to the complaint when authenticity is not contested*, and matters of which the court takes judicial notice." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010) (emphasis added) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998), *superseded by statute in City of Oakland v. BP PLC*, 960 F.3d 570 (9th Cir. 2020)). If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

Plaintiff outlines two causes of action related to his dismissal from the MEPN program at the University of Arizona College of Nursing. First, Plaintiff alleges he was denied his right to equal protection under the Fourteenth Amendment to the Constitution. Second, Plaintiff contends he was denied substantive and procedural due process rights under the Fifth and Fourteenth Amendments to the Constitution. Defendants bring their Motion to Dismiss arguing Plaintiff fails to adequately state either due process or equal protection claims. They also argue the complaint does little more than set forth the elements of an equal protection claim, and Plaintiff fails to allege facts to support the elements. Finding Plaintiff has misconstrued facts relevant to his complaint, and that the credible facts he does allege fail to demonstrate violations of the law, the Court agrees with Defendants; GRANTS IN PART AND DENIES IN PART their Motion to Dismiss; and DISMISSES WITH PREJUDICE Plaintiff's due process claims.

    **I.**    **Plaintiff Fails to Allege a Substantive Due Process Violation**

Whether a student who is subject to academic dismissal may maintain a cause of action for the violation of his right to substantive due process remains an open question. *See Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214, 222-23 (1985) ("We therefore accept the University's invitation to 'assume the existence of a constitutionally protectible

property right in [Plaintiff's] continued enrollment"). Yet courts have allowed substantive due process suits to proceed based on an assumption that such a right exists. *See, e.g., Oyama v. University of Hawaii*, 813 F.3d 850, 874 (9th Cir. 2015) ("[E]ven if we accept [Plaintiff's] argument that the University's decision deprived him of a constitutionally protected interest, the University provided him with adequate process); *Richmond v. Fowlkes*, 228 F.3d 854, 857 (8th Cir. 2000) ("Assuming, without deciding, the existence of a property or liberty interest, we conclude that [Plaintiff] received all the process that he was due."). To state a substantive due process claim, a plaintiff must allege: "(1) the existence of a protected property or liberty interest; and (2) arbitrary and capricious conduct on the part of university officials by showing that there was no rational basis for the university's decision[.]" *Hamil v. Vertrees*, No. 98-D-508-N, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001) (quoting *Schuler v. Univ. of Minnesota*, 788 F.2d 510, 515 (8th Cir.1986)); *see also Salus v. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 10-cv-1734-GMN, 2011 WL 4828821, at *4 (D. Nev. Oct. 10, 2011) ("To constitute a violation of substantive due process, the school official's action must have been based on unconstitutional criteria or have been arbitrary and capricious.").

Although Defendants argue Plaintiff fails to state a substantive due process claim (Doc. 27 at 2), for the purpose of this analysis, and in light of the Ninth Circuit's assumption in *Oyama v. University of Hawaii*, 813 F.3d 850, 874 (9th Cir. 2015), the Court finds Plaintiff has sufficiently alleged a constitutionally protectible property right in continued enrollment at a public university. At the very least, Plaintiff has alleged facts that allow the Court to draw the reasonable inference that Plaintiff maintains such a right. What Plaintiff fails to allege, however, is that his dismissal was based upon arbitrary and capricious conduct by university officials.

Plaintiff alleges that despite doing well in class, his professors conspired to undermine his performance. (Doc. 1, ¶ 20, at 4) He asserts he earned an 86.6% in Acute Care, a 96.1% in Behavioral Health, and an 85.6% in Diverse Settings for a final adjusted grade of 89.9%. *Id.* ¶ 22. Plaintiff goes even further by insinuating Defendants falsified

documents which indicate he was unsafe to practice due to his deficiencies in administering medication. *Id.* ¶¶ 23-24. In contrast to Plaintiff's allegations, Defendants include documentation that demonstrates: (i) Plaintiff was previously dismissed from the MEPN program for poor academic performance (Doc. 20-1 at 4-11); (ii) Plaintiff's clinical evaluation scores were only a minor component (5%) of his cumulative grade (Doc. 20-3 at 17); (iii) and university officials thoroughly examined and documented Plaintiff's overall performance throughout his tenure in the program (Doc. 20-1 at 26, 28; Doc. 20-2 at 2, 4; Doc. 20-3 at 15-23). The Court concludes Plaintiff fails to adequately state a violation of his substantive due process rights. The Court also finds that Plaintiff's claim cannot be cured by the allegation of other facts. Accordingly, his substantive due process claim is DISMISSED WITH PREJUDICE.

## II. Plaintiff Fails to Allege a Procedural Due Process Violation

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). As a preliminary matter, the Court recognizes due process rights are only implicated by a deprivation of liberty or property interests. *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82-84 (1978). While Plaintiff's allegation that dismissal has denied him a protected liberty interest may be tenuous, even recognizing that right, the Court finds Plaintiff was given all the process he was due by university officials.

In *Oyama*, the Ninth Circuit addressed a situation similar to the one here. In that case, the court analyzed whether the University of Hawaii violated the procedural due process rights of one of its secondary education candidates when it denied his application to become a student teacher. In concluding the University's denial of the candidate's student teaching application satisfied the requisite due process requirements, the Ninth Circuit observed:

> When considering cases that originate in an educational institution, the law distinguishes between academic dismissals and disciplinary dismissals. Academic dismissals do not require a hearing and meet[ ] the requirements of procedural due process so long as the dismissal decision is careful and deliberate. Disciplinary dismissals, by contrast, may require more formal procedures.
>
> . . . .
>
> [*Board of Curators of the University of Missouri v.*] *Horowitz* supplies the standard for procedural due process in the context of academic decisions. In *Horowitz*, a medical student argued that her school violated her procedural due process right by dismissing her from the program without a hearing. The Court explained that the student's dismissal rested on the academic judgment of school officials that the student lacked the necessary clinical ability to perform adequately as a physician. The Court held that the student was not entitled to a hearing and that the university satisfied the requirements of due process because the school fully informed [the student] of the faculty's dissatisfaction with her clinical progress and the danger that this posed to timely graduation and continued enrollment and because the ultimate decision to dismiss [the student] was careful and deliberate.

*Oyama*, 813 F.3d at 874-75 (internal quotation marks and citations omitted).

Plaintiff contends his clinical grade was arbitrarily adjusted from an 89.9% to a 69% without a detailed explanation. (Doc. 26 at 7)  He also argues that the Dean of the College of Nursing demonstrated arbitrary and capricious behavior by failing to follow the grade appeal process outlined by the University. *Id.*  Finally, Plaintiff concludes that the decision to dismiss him from the program was neither careful nor deliberate and therefore violated his due process rights. *Id.*

Defendants refute these allegations with a re-admission letter from the College of Nursing. (Doc. 20-1 at 9)  The letter informs Plaintiff that in order to be re-admitted into the program he must successfully complete NURS 610b for Spring 2017. *Id.*  The letter also warns that "[f]ailure to successfully complete any portion of this process will result in withdrawal from subsequent courses." *Id.*  Defendants also provide three separate Student

Progression Reports—filed by three different instructors—that inform Plaintiff of his substandard academic performance and provide warning that unsatisfactory progress could result in dismissal from the program. *Id.* at 26, 28; Doc. 20-2 at 2, 4. Additionally, Defendants reference the University's official grade appeal policy, Plaintiff's letters of appeal, and Defendants' responses to those letters. The grade appeal policy refutes the majority of Plaintiff's allegations, including the assertion(s) that his grade was not given adequate review and that the Dean failed to form a mandatory review committee for his dismissal (the review committee is formed at the Dean's discretion). (Doc. 20-3 at 2-5)

In reviewing Plaintiff's conclusory allegations, unwarranted deductions of fact, and unreasonable inferences—and the documents upon which they are based—the Court concludes Plaintiff fails to state a claim for the denial of procedural due process rights.[1] The Court also finds that Plaintiff's claim cannot be cured by the allegation of other facts. Accordingly, his procedural due process claim is DISMISSED WITH PREJUDICE.

### III.   Plaintiff Fails to Allege an Equal Protection Violation

"An equal protection claim requires a showing that the state actor treated classes of people differently based on their class without justification[.]" *Salus v. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 10-CV-01734-GMN, 2011 WL 4828821, at *4 (D. Nev. Oct. 10, 2011). "Where . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (internal quotation marks and citation omitted), *overruled on other grounds by Lingle v. Chevron USA, Inc.*, 544 U.S. 528 (2005). Plaintiff fails to allege any facts that he was treated differently than similarly

---

[1] *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("Whether the case can be dismissed on the pleadings depends on what the pleadings say. . . If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts. In this case, [Plaintiff] pleaded facts which establish that he cannot prevail on his First Amendment claim.").

situated students (i.e., students in the same academic predicament).  He also fails to include any mention of a comparator(s).  Merely reciting the elements of an equal protection violation does not state a claim.  Accordingly, Plaintiff's equal protection claim is DISMISSED WITHOUT PREJUDICE, and he is given thirty days from the date of entry of this Order to file an amended complaint.

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 20) is GRANTED IN PART AND DENIED IN PART.
2. Plaintiff's due process claims are DISMISSED WITH PREJUDICE.
3. Plaintiff's equal protection claim is DISMISSED WTIHOUT PREJUDICE.
4. Plaintiff is given thirty days from entry of this Order to file an amended complaint.

Dated this 22nd day of July, 2020.

Honorable Cindy K. Jorgenson
United States District Judge